**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000647
16-DEC-2016
10:35 AM**

NO. CAAP-15-0000647

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JLW, Petitioner-Appellant,
v.
KG, Respondent-Appellee


APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-PATERNITY NO. 12-1-0045)


MEMORANDUM OPINION
(By:  Foley, Presiding J., Fujise and Leonard, JJ.)

Petitioner-Appellant JLW appeals from the August 3, 2015 "Order Denying [JLW's] Motion for Relief And/Or Reconsideration of Order Following Initial Return Hearing on [JLW's] Motion For Post-Decree Relief Filed on April 7, 2015 and Respondent's Motion For Post-Decree Relief Filed on April 24, 2015" (**Order Denying Relief**), entered in the Family Court of the Second Circuit[1] (**family court**).  The Order Denying Relief denies JLW's Hawaii Revised Statutes (**HRS**) § 584-18 (2006 Repl.) or Hawai'i Family Court Rules (**HFCR**) Rule 60(b) post-judgment motion for relief from the orders on JLW's petition for paternity regarding the legal and physical custody of his biological child.

---

[1]    The Honorable Michelle L. Drewyer presided.

On appeal, JLW contends the family court:

(1) violated his right to procedural due process and the Hawaii Family Court Rules governing service of motions in advance of hearings by allowing Respondent-Appellee KG to serve JLW with her April 24, 2015 "Motion For Post-Decree Relief" (**KG's Motion**) "only one hour before the hearing on the motion, refusing to grant [JLW] a continuance, entering an order pursuant to [KG's Motion] that affected [JLW's] substantial rights, and then further denying [JLW's] motion for reconsideration[;]" and

(2) abused its discretion in granting [KG's Motion] "because she failed to establish a material change in circumstance or submit competent evidence to support the motion."

HFCR Rule 6(d) provides in part that, "[a] written motion . . . shall be served not later than 48 hours before the time specified for hearing[.]" HFCR Rule 6(d). The same advance service rule applies to affidavits or declarations supporting a motion. The purpose of the advance service rule is to not only provide notice of the motion, but also to give the other parties an opportunity to file a response. HFCR Rule 6(d).

KG did not comply with the service requirements of HFCR Rule 6. "[JLW] was personally served with the [KG Motion] at 2145 Main Street, Wailuku, HI 96793 on the date of the hearing, approximately one hour before the parties entered the courtroom[.]" At the start of the April 28, 2015 hearing, JLW notified the family court that he was not served with notice of KG's Motion until right before the hearing began, and requested a continuance:

> [JLW]: Your Honor, if I may, I filed my motion over two weeks ago.
>
> THE COURT: You filed it on April 7[th].
>
> [JLW]: Yeah, satisfying due process for them to prepare this motion that [KG's attorney] has filed, which is 59 pages with over 65 declarations, was literally thrown at me – bounced off my chest, landed on the floor – at 12 – excuse me – at 10:01 this morning. It is not possible for me to even read what's in this motion.
>
> I'm asking for a continuance on this motion. But since she was given due process and I had to fly from out of state to represent the motion that was already on the docket, I

2

ask that we move forward with my motion and hearing, and we can postpone and reschedule hers for another time.

In response, KG argued that she had attempted to serve JLW the Friday before the hearing, but was unable to do so. KG then confirmed the process server had "served [JLW] . . . this morning. It was about an hour ago." KG argued that "the hour of waiting" was sufficient for JLW to "have some time to read the motion." The family court denied JLW's request for continuance, stating: "Well, I don't want to spend any more time about service. I'm going to go ahead with the motions today. Okay. I'm going to deny your request for continuance." The family court then proceeded with the hearing on both motions.

JLW did not have time to read the 55 page long motion that included voluminous exhibits, and a 67-paragraph declaration. The service rule specifically requires advance notice of motions so that a party has the opportunity to file a response. HFCR 6(d). JLW did not have such an opportunity.

In this case, a continuance was requested by JLW because KG in not complying with HFCR Rule 6(d) by untimely serving JLW with KG's Motion and supporting papers, JLW was deprived of an opportunity to respond. The record indicates KG would not have been prejudiced by a continuance and JLW would be prejudiced by not continuing the hearing. The family court "clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment" of JLW. Sapp v. Wong, 62 Haw. 34, 41, 609 P.2d 137, 142 (1980).

Therefore, the August 3, 2015 "Order Denying Petitioner's Motion for Relief And/Or Reconsideration of Order Following Initial Return Hearing on Petitioner's Motion For Post-Decree Relief Filed on April 7, 2015 and Respondent's Motion For Post-Decree Relief Filed on April 24, 2015," entered in the Family Court of the Second Circuit is vacated, and this case is remanded to the family court for further proceedings consistent

3

with this opinion.[2]

DATED:  Honolulu, Hawai'i, December 16, 2016.

On the briefs:

Rebecca A. Copeland
for Petitioner-Appellant.

Kirstin Hamman
for Respondent-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[2]     Since we are vacating and remanding this appeal, JLW's second point of error is moot.

4